DAKOTA COUNTY HRA, Respondent,

v.

Robin BLACKWELL, petitioner,
Appellant.

No. C7–98–1763.

Supreme Court of Minnesota.

Nov. 24, 1999.

Paul W. Onkka, Jr., Southern Minnesota Regional Legal Services, Inc., Prior Lake, for appellant.

Robert A. Alsop, Kennedy & Graven, Chtd., Minneapolis, for respondent.

OPINION

BLATZ, Chief Justice.

Respondent Dakota County HRA erroneously accused appellant Robin Blackwell of violating her lease and terminated her public housing tenancy effective July 31, 1998. After appellant requested an extension of the termination date, respondent agreed to permit her to stay until August 15, 1998. Before the original termination date passed, appellant informed respondent that she wanted to rescind the move-out agreement and seek judicial review of the termination. Respondent refused to rescind the move-out agreement and filed an unlawful detainer action against appellant after she failed to vacate the premises on August 15, 1998.

Following a hearing in the unlawful detainer action, the district court held that appellant did not violate her lease [1] but did breach the move-out agreement by remaining in the unit after August 15, 1998. The district court awarded respondent the equitable remedy of specific performance for appellant's breach and ordered appel-

---

1. Respondent does not challenge this decision on appeal.

lant to vacate the unit.[2]   The court of appeals by a panel majority affirmed the award of specific performance.  *See Dakota County HRA v. Blackwell,* No. C7–98–1763, 1999 WL 262088, at *7 (Minn.App. May 4, 1999).  We reverse.

We review a district court's decision to award equitable relief, including specific performance, for abuse of discretion.  *See Flynn v. Sawyer,* 272 N.W.2d 904, 910 (Minn.1978).  A party does not have an automatic right to specific performance as a remedy for breach of a contract; the district court must balance the equities of the case and determine whether the equitable remedy of specific performance is appropriate.  *See Boulevard Plaza Corp. v. Campbell,* 254 Minn. 123, 134, 94 N.W.2d 273, 283 (1959); *see also Hilton v. Nelsen,* 283 N.W.2d 877, 883 (Minn. 1979).

After reviewing the facts of this case, we conclude that the district court abused its discretion in awarding equitable relief in the form of specific performance. As in *Hilton,* another case in which we reversed the district court's award of specific performance, we emphasize that our decision "is necessarily limited to the narrow facts presented."  283 N.W.2d at 883.

Reversed.

---

**2.**  Appellant continues to live in the unit pend-     ing resolution of this appeal.